(93 South. 352)

### EDISON v. STATE.   (6 Div. 20.)

(Court of Appeals of Alabama.   May 9, 1922.)

**I. Disorderly house ⬯17—Prostitution ⬯4 —Proof of act of prostitution in house of defendant unnecessary.**

Where a woman was charged with leading an idle, immoral life, being a prostitute, and being the keeper, proprietor, or employee of a house of prostitution, proof of an act of prostitution in defendant's house was unnecessary.

**2. Vagrancy ⬯3—Proof of act of prostitution in defendant's house unnecessary.**

To sustain conviction of a woman as a vagrant, proof of an act of prostitution in her house held unnecessary.

Appeal from Circuit Court, Jefferson County; Richard Evans, Judge.

Lillie Edison was convicted under the vagrancy statute, and she appeals. Affirmed.

Charge 3 refused to the defendant was as follows:

"If you believe from the evidence that the state of Alabama has failed to prove an act of prostitution in the house of the defendant, then I charge you that your verdict must be for the defendant."

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted under an indictment which contained five counts, charging her with being a vagrant, leading an idle, profligate, or immoral life, with having no property sufficient for her support, being able to work and not working, being a prostitute, and being the keeper, proprietor, or employee of a house of prostitution. There was a general verdict, finding the defendant guilty as charged in the indictment.

The only questions presented for review are the ruling of the court on the introduction of the testimony, and refused written charges.

Numerous and almost numberless objections were made to the ruling of the court on the introduction of the testimony, most of the objections made and exceptions taken being without any merit whatever.

To each and every objection made and exception taken, we have given careful consideration, and we deem entirely unnecessary to deal with each proposition separately, but are fully of the opinion that there was no error in the several rulings of the court.

There was no error in refusing to the defendant the general affirmative charge. The evidence was in conflict, and there was ample evidence offered by the state upon which to predicate a verdict of guilt.

[1, 2] Charge 3 was properly refused. It was not necessary to prove an act of prostitution in the house of the defendant in order to warrant a conviction under one or more of the counts of the indictment, and certainly it would not be necessary to prove such an act under the count charging the defendant with being a vagrant.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.